*In re* HARPER WOODS.

EMINENT DOMAIN—AWARD—OPTIONS.

 Optionee had no interest in condemnation award under option providing for a division of sale price in case owners chose to sell at less than stated figure, where city condemned property at less than stated figure.

Appeal from Wayne; Targonski (Victor), J. Submitted April 16, 1958. (Docket No. 79, Calendar No. 47,524.) Decided July 15, 1958.

In the matter of the petition of the City of Harper Woods to condemn certain properties, David R. Blake, holder of an option, was included in jury award as party in interest. Award amended on motion designating property owners as only parties in interest. Blake appeals. Affirmed.

*William N. Warren,* for appellant Blake.

*Weymouth & Mihelich,* for appellee property owners.

VOELKER, J. The city of Harper Woods needed the land of the 4 sets of appellees for public purposes and by appropriate action it proceeded to condemn it. After the city's petition therefor was filed the landowners and the appellant, David Blake, a real-

REFERENCES FOR POINTS IN HEADNOTES
18 Am Jur, Eminent Domain § 231.

estate man, entered into 4 written so-called option agreements (prepared on behalf of Blake) whereby Blake agreed to purchase the Ehlers and Seyferth properties each for the sum of $15,000; the Ehlen property for $7,500; and the O'Hern property for $13,500. These documents contained some rather unusual provisions. The Ehlers and Seyferth options provided, in effect, that if the owners sold the optioned property elsewhere during the life of the options they and Blake would split any sale price over $10,000 fifty-fifty; in the Ehlen option the figure was $5,000; in the O'Hern option the figure was $9,000. Each option also contained this rather strange clause: "In case owners would choose to sell for less than option figures, it is mutually understood that all moneys received in the sale of the herein described land will be divided in the same proportion as it is herein provided for at full sale price."

In due course the circuit court condemnation jury awarded the Ehlers and Seyferths each $9,500; the Ehlens $3,800; and the O'Herns $5,700. The award also recited that appellant Blake and his wife and his agent Newkirk were parties in interest along with the respective owners. Thereafter Blake demanded of appellees 1/6 of each award based upon his interpretation of the option. The appellees refused to pay, contending that since the respective jury awards were each for an amount less than the base figure in the options provided, that Blake had nothing coming.

Prior to the jury awards the appellant had unsuccessfully sought to persuade the appellees to sign amendments to the options calling for lower base figures. After the award the circuit judge on motion of appellees amended the verdict of the condemnation jury by ordering the striking of the names of

Blake and his wife and agent as parties in interest. Blake appeals here, claiming, among other things, that the court misinterpreted the option agreement, erred in refusing to admit parol testimony to explain it, and, further, that in any event it lacked authority to amend the jury award.

The trial court apparently proceeded on the theory that the base figures in the respective options were controlling, and that since the jury actually awarded less than those respective amounts in each case, Blake had no interest in the awards. While we are not inclined to disagree with this result, we think there was an even briefer answer. The options referred to property that might be "sold" by appellees. It was never "sold" by them, nor did they ever "choose to sell" it; it was taken away from them by condemnation; therefore Blake under the terms of his own agreement, as drawn by him, never had any interest in the proceeds. It would follow that he had no standing below nor has he any here to question the right of the circuit court to amend the jury verdict to conform with the true situation. Affirmed, with costs to appellees.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, EDWARDS, and KAVANAGH, JJ., concurred.